UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHRISTOPHER KNOX,
    Plaintiff,

vs.                            03-1074

MIKE SPENCER,
    Defendant.

**ORDER**

This cause is before the court for consideration of the defendant's third motion for summary judgement. [d/e 57] The plaintiff, Christopher Knox, brought this action pursuant to 42 U.S.C. §1983 alleging that officials at the Pontiac Correctional Center violated his constitutional rights. The court granted in part and denied in part the defendants' first two motions for summary judgement. *See* August 22, 2003 Text Order; March 16, 2004 Court Order; and July 26, 2005 Court Order.

The plaintiff has one surviving claim: that Defendant Mike Spencer violated the plaintiff's First Amendment rights when Spencer wrote a disciplinary ticket against the plaintiff in retaliation for a past grievance. This issue was not properly addressed in the defendants' second motion for summary judgement, so the court ordered the defendants to file a third motion for summary judgement on this issue. Defendant Spencer has complied with that court order and the plaintiff has filed a response.

I.  FACTS

The following facts are taken from the motion for summary judgement and the plaintiff's response. On February 25, 2002, plaintiff wrote a grievance about Correctional Officer Spencer. The grievance stated that Spencer was continuously harassing the plaintiff and making sexual comments to the plaintiff.  The grievance was forwarded to Spencer for his response.

The plaintiff says that after he had filed a couple of grievances accusing the defendant of sexual harassment, he was called into the Internal Affairs office for an interview. (Plain. Depo, p. 40) The plaintiff estimates this occurred in May or June of 2002. An Internal Affairs investigator told the plaintiff they would interview Spencer. The plaintiff says he does not believe Spencer was ever punished as a result of the allegations.

On April 22, 2002, the defendant wrote a disciplinary ticket against the plaintiff.  Spencer accused the plaintiff of violating Illinois Department of Corrections Rule 303: Giving False Information to an Employee. The report states that Spencer received a copy of plaintiff's grievance accusing him of sexual harassment. The defendant says he did not make any of the statements the plaintiff accuses him of making.

At the time of this disciplinary report, department rules also forbade any disciplinary

action against an inmate solely for using the grievance procedure. Defendant Spencer says he did not write the disciplinary report because the plaintiff used the grievance process. "Instead, I wrote the Disciplinary Report because Mr. Knox made false statements against me in a grievance to correctional staff." Def. Resp, Spencer Depo, p. 2. The defendant further states that he believed the plaintiff "wrote the grievance at issue because I had written him previous disciplinary reports." Id.

Defendant Spencer says after he wrote the disciplinary report, he had no further involvement with it. The decision of whether the plaintiff had violated a department rule was up to the Adjustment Committee. The plaintiff says he was not involved in this hearing, nor was he asked his opinion about the outcome.

On April 30, 2002, the plaintiff was found guilty of the offense. The recommended discipline included demotion to C grade status for three months, placement in segregation for three months, loss of commissary for three months and loss of audio-visual privileges for three months.

The plaintiff wrote a grievance complaining about the findings of the Adjustment Committee. The recommended response was that the disciplinary report and resulting discipline be expunged from the plaintiff's record.

On November 27, 2002, another Adjustment Committee was convened and considered the recommendation. They voted to follow the recommendation and expunged the report and discipline. The warden at Pontiac Correctional Center also approved this action. The plaintiff debates that a hearing was held, but agrees that his ticket was expunged.

The defendant states that the plaintiff has been on C grade status since July 20, 1999 and is not expected to be released from C grade until November, 2042. The plaintiff has been in disciplinary segregation since February 21, 2001 and is not expected to be released until July 13, 2028. The same is true for plaintiff's commissary privileges and audio-visual privileges. He lost each before the April 2002 disciplinary report and is not expected to regain those privileges for some time.

An exhibit submitted by the plaintiff shows that he has received approximately 80 disciplinary tickets from February 3, 2001 to November 12, 2003 for a wide variety of violations including spitting on staff, kicking staff, insolence, throwing a liquid substance on staff, disobeying a direct order and excessive noise. The plaintiff also says he has regained some of these privileges. The plaintiff has presented documents showing that he was allowed a television and a radio in 2005 and was also allowed some trips to the commissary in 2005.

### III. LEGAL STANDARD

The entry of summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56( c). A "material fact" is one that "might affect the outcome of

the suit." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the nonmoving party. Id.

A party moving for summary judgment initially has the burden of showing the absence of any genuine dispute of material fact based on the evidence. Adickes v. S.H. Kress & Co., 398 U.S. 144, 153 (1970); Schroeder v. Barth, Inc., 969 F.2d 421, 423 (7th Cir. 1992). A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position. Tolle v. Carroll Touch, Inc., 23 F.3d 174, 178 (7th Cir. 1994). The evidence and all reasonable inferences drawn therefrom are viewed in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255. Nonetheless, "(s)ummary judgement is not a discretionary remedy. If the plaintiff lacks enough evidence, summary judgement must be granted." Jones v. Johnson, 26 F.3d 727, 728 (7th Cir. 1994).

## IV. ANALYSIS

The defendant argues that the plaintiff has failed to demonstrate that his constitutional rights were violated, and has failed to demonstrate that he suffered any damages. A prison official who takes action in retaliation for a prisoner's exercise of a constitutional right may be liable to that prisoner for damages. Babcock v.White, 102 F.3d 267, 275 (7th Cir. 1996). "Prisoners have a constitutionally protected right to complain about prison conditions." Cole v. Litscher, 2005 WL 627791 at 6(W.D. Wisc 2005) "Although this right would not extend to grievances of an abusive or threatening nature." Ustrak v. Fairman, 781 F.2d 573, 580 (7th Cir. 1986)

To prevail on this retaliation claim, the plaintiff must show that his constitutionally protected conduct, participating in the grievance process, was one of the factors that motivated Defendant Spencer to take adverse action against him. See Cole, 2005 WL 627791 at 6.;Mt Healthy Board of Education v. Doyle, 429 U.S. 274, 287 (1977). "Once the plaintiff proves that an improper purpose was a motivating factor, the burden shifts to the defendant...to prove by a preponderance of evidence that the same actions would have occurred in the absence of the protected conduct." Spiegla v Hull, 371 F.3d 928, 943 (7th Cir. 2004).

The defendant's arguments are not very clearly delineated in the memorandum supporting the motion for summary judgement. Nonetheless, the defendant does clearly claim that he did not write the disciplinary report based on the fact that the plaintiff participated in the grievance process, but instead wrote the report based on false statements made in the grievance. The defendant's motivations are not at all clear from the facts before the court. The allegations in the plaintiff's grievance were made against this defendant. The defendant admits he wrote the disciplinary report after he read the grievance and knew that the claims were being investigated in some way.

The defendant seems to argue that he clearly wrote the ticket based only on the statements because there was a department rule forbidding disciplinary action against an inmate solely for using the grievance procedure. However, the defendant does not state that he was aware of this rule before he wrote the disciplinary ticket.

Lastly, its not entirely clear that the allegations in the plaintiff's complaint were false. The defendant does not include any evidence of an investigation into these claims. The initial disciplinary report states that the plaintiff was found guilty of providing false information, but this appears to be based only on the defendant denying he had made any sexual statements to the plaintiff. The ticket was later expunged and the reasons for this reversal are not clear in the record before the court. There is also no evidence of an internal affairs investigation.

The defendant further states that this case is analogous to Ustrak v. Fairman, 781 F.2d 573 (7th Cir. 1986). In Ustrak, the prisoner had written a letter calling prison officials "stupid lazy assholes" and invited them to "bring their fat asses around the gallery at night." Id. at 580. The question before the court concerned a regulation forbidding inmates to behalf insolently toward guards. The court upheld the regulation and found that inmates have only those First Amendment rights "that are consistent with prison discipline." Id. The Ustrak case did not involve statements made in a grievance that were pertinent to the substance of the grievance.

The defendant then argues that libelous statements are not protected simply because they are in a grievance. The defendant points to a Seventh Circuit case in which an inmate filed a grievance claiming that a female officer failed to tell him it was dinner time. However, within this grievance, the inmate reported a "rumor" that the officer was having sexual relations with several guards. Hale v Scott, 371 F.3d 917 (7th Cir. 2004).

> The inclusion in (the plaintiff's) grievance of the rumor of (the defendant's) sexual misconduct was libelous, and even if a prison grievance were the legal equivalent of a pleading in court, a libel so unrelated to the subject of the pleading would not be privilege. Id. at

In the case before the court, the statements made by the plaintiff were the subject of the grievance. In addition, it is not abundantly clear from the record before the court that the statements were false.

The defendant next seems to argue that the plaintiff's First Amendment rights were not violate because he was allowed to file a grievance and participate in the grievance process. The plaintiff is not making a claim that he was denied access to the courts. The plaintiff is claiming he was retaliated against for exercising his right to participate in the grievance process.

The defendant also argues that the plaintiff has not stated a violation of his constitutional rights because there he has no liberty interest in any of the discipline that was imposed as a part of the disciplinary process. This argument fails. Conduct that does not independently violate the Constitution can form the basis for a retaliation claim, if that conduct is done with an improper, retaliatory motive. Babcock v. White, 102 F.3d 267, 275 (7th Cir. 1996). The plaintiff in this case is claiming Defendant Spencer wrote a disciplinary ticket in retaliation for a grievance filed by the plaintiff.

The defendant next appears to make the preposterous argument that the defendant is protected by qualified immunity and he could not have known that writing a disciplinary ticket

based on statements in a grievance could be a violation of the plaintiff's constitutional rights. This argument is without merit.

Lastly, the defendant argues that the plaintiff has failed to demonstrate that he is entitled to any damages. The plaintiff may not be entitled to any compensatory damages. It appears that all the discipline imposed ran concurrently with discipline that had already been imposed against the plaintiff in other disciplinary actions. However, this issue can be more clearly resolved at trial. Even if the plaintiff is not entitled to compensatory damages, he would be able to obtain nominal damages and perhaps punitive damages.

**IT IS THEREFORE ORDERED that:**

**1) The defendant's motion for summary judgement is denied. [d/e 57]**

**2) This case will proceed with a pretrial conference on March 16, 2006 and a jury trial on March 29, 2006.** *See* **February 28, 2006 Court Order.**

Entered this 2nd day of March, 2006.


s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE